# McCann *vs* Boyers.

## Error to the Grant Circuit.

### *Practice. Set-off. Cross bills.*

Judge Breck delivered the opinion of the Court.

Appeal.

*Case* 70.

*January* 27.

Case stated.

Boyers sued out a warrant from a Justice of the Peace, against McCann, for one dollar and forty cents, due by account. McCann gave Boyers notice, that upon the trial he should plead, and rely upon an account he had against him for $32, as a set-off, and claim a judgment against him for the amount.

Boyers dismissed the warrant at his costs—McCann moved to set aside the order of dismissal, upon the ground that the plaintiff had no right to dismiss his warrant after a set-off had been pleaded by the defendant for an amount larger than the plaintiff's demand. This

McCANN
*vs*
BOYERS.

motion not being sustained, McCann appealed to the Circuit Court; and that Court, upon the motion of Boyers, having dismissed the appeal, McCann has brought the case to this Court.

It is contended that Boyers had no right to dismiss his warrant after notice of set-off by the defendant. But we are aware of no authority, and perceive no sufficient reason for sustaining this position. The complainant in chancery, or the plaintiff at law may always abandon his claim or dismiss his suit, without the consent of the defendant. In suits in chancery there may perhaps be cases in which one of several defendants might have an interest in the claim of the complainant, and in such case the Chancellor might refuse to dismiss at the complainant's instance. But in a controversy between a plaintiff and defendant, and in which they alone were interested, whether in chancery or at law, we cannot conceive of a case in which the plaintiff might not, upon his own mere motion, dismiss his suit.

A plaintiff has, at all times before trial, a right to dismiss his suit though a set-off be pleaded, or notice of set-off given. Set-off is given for defence and is not a separate action.

But the dismissal of a bill in chancery will not have the effect to dismiss a cross bill of a defendant.—ARGU.

But in chancery, the dismissal of the complainant's bill does not carry with it the cross bill of the defendant, as *it* is in itself a suit, independent of the original bill.

So in replevin, the plaintiff may dismiss his action, although such dismissal might, from the state of the pleadings, authorize a judgment *de retorno* for the defendant.

In replevin plaintiff may dismiss his suit, though the effect might be to render a judgment *de retorno* proper.

It is manifest then, we think, Boyers had a right to dismiss his warrant without the consent of McCann. Whether McCann could afterwards have gone on and proved his account and obtained a judgment, is a question which does not necessarily arise in this case.

The appeal was from the action of the Justice in permitting the plaintiff to dismiss his warrant and in refusing to set aside the dismissal. There was no judgment in regard to the defendant's claim—none, so far as appears, was asked; no testimony was offered and no motion to try the case as to the set-off, overruled or made. But even if such a motion had been made, we are not satisfied it should have been sustained. Set-off is allowed as a defence and notice is in the nature of a plea, and to apprise the plaintiff of the character of the

defence. Under the English statute there was no judgment over for the defendant when his claim exceeded that of the plaintiff, but he had to resort to his action for the surplus. But our statute provides that, "if it appear to the satisfaction of the jury that the plaintiff is indebted to the defendant, they shall admit the same and bring in a verdict for what may appear due either to the plaintiff or defendant, and judgment shall be entered up accordingly." There can then be no judgment over for the defendant without a trial of the plaintiff's action, which, as we have seen, he has a right to dismiss without the consent of the defendant. The warrant in this case having been dismissed by the plaintiff, the defendant could not proceed upon his notice of set-off, and obtain a judgment against the plaintiff.

The appeal to the Circuit Court being only from the dismissal by the plaintiff of his warrant, and the refusal of the Justice to set it aside on the defendant's motion, the Court was right in dismissing it. There was no judgment from which the appellant could appeal.

The Court was also right in rendering judgment for the appellee for his costs.

Wherefore, the judgment is affirmed.

*J. & W. L. Harlan* for plaintiff.